Swing, J. '
This case is in this court on error to the judgment of the court of common pleas. The only question in the case is, whether, when a constable has been elected, and afterwards a vacancy occurs in the office, the township trustees can appoint for the unexpired term, or until the next election, provided the vacancy occurs more than thirty days preceding said next election.
In this case one Scott was elected constable for Sycamore township, in April, 1891. In August, 1892, he resigned, and thereupon the trustees of said township appointed one Mullen to fill the vacancy.
In April, 1898, the plaintiff, Burke, and one Gilbert, were candidates for constable in said township, and said Burke received a majority of the votes cast. Burke took the oath of office, and tendered to said trustees a good bond, but said trustees refused to accept said bond, taking the ground that there was no vacancy, and that said Mullen was appointed for the unexpired term of said Scott, and the holding of the court of common pleas was in accordance with the claim, and the court refused to grant the mandamus which plaintiff prayed for in this action.
In so holding we think the court was in error.
One of the cardinal principles of our state government is that no man shall hold an office by which he is called upon to administer the laws enacted by the people, among the people, unless chosen by the people through the ballot box. And this *259 principle is expressed in section 11 of the Revised Statutes, as follows: “When an elective office becomes vacant and is filled by appointment, such appointee shall hold the office till his successor is elected and qualified, and such successor shall be elected at the first proper election that is held more than thirty days after the occurrence of the vacancy.”
This general provision certainly can not be set aside unless there is some other provision of the statute which does so in clear and positive terms, and this, as far as we are able' to find, has not been done, except when a vacancy occurs in the office of sheriff and that of councilmen.
It is not claimed that there is any such provision applicable to a constable, but it is sought to do so by implication. Section 6683, Rev. Stat., is the section applicable to vacancies in the office of constable. It provides that the trustees shall appoint a suitable person to fill the “ vacancy until the next annual election for constable.” At the time this section was enacted the office of constable was for one year. After-' wards the term of office was extended to three years, by section 1448, Rev. Stat., passed March 30,1888.
It is claimed that because in this section it provides that where a vacancy occurs in the offices of clerk or treasurer, the vacancy is to be filled until the next election, at which time persons are to be elected to serve for the unexpired terms of said officers, and that it makes no similar provision for constables, therefore, it must be presumed that the legislature intended that constables were to hold until the expiration of the term of the vacancy ; but it does not seem to us that such meaning is to be drawn from this section. It is manifest from the section that it was the intention of the law that clerks and treasurers should be elected at different years, and in order to preserve this, by these words to enact that when vacancies occur that they shall be elected to fill out the unexpired terms, and not the full terms, and that is all that was intended by it. The same purpose is disclosed in section 1452, Rev. Stat., in regard to trustees.
Gorman & Thompson, for plaintiff in error.
Irwin & Murry, for defendants in error.
In our judgment Burke was properly elected for a term of three years.
And the facts being admitted, the judgment of the court of common pleas is reversed, and this court, proceeding to render such'judgment, as the court of common pleas should have rendered, orders that a peremptory writ of mandamus issue, commanding said trustees to accept the bond of said Burke as said constable ; and the said cause is further remanded to said court of common pleas to carry this judgment into execution as to costs, which are assessed against the defendants in error.